UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

99- 2071

CIV-HIGHSMITH

LAURA LEE, as Personal Representative : CASE NO.:
of the Estate of Malcolm Lee,

      Plaintiff,                 :       MAGISTRATE JUDGE
                                                GARBER

vs.

CITY OF MIAMI, FLORIDA, a
municipal corporation, DONALD H.
WARSHAW, individually
and in his capacity of Chief of Police of
The City of Miami Police Department, and
JUAN VELAZCO, and GUILLERMO
GONZALEZ,

      Defendants.               :       **COMPLAINT**

_____

    Plaintiff, LAURA LEE, as Personal Representative of the Estate of Malcolm Lee, deceased, sues the Defendants, CITY OF MIAMI, FLORIDA, DONALD H. WARSHAW, JUAN VELAZCO, and GUILLERMO GONZALEZ, and alleges:

    1.     That this is an action for damages sustained by a citizen of the United States against police officers of the City of Miami, Florida, Police Department, against the Chief of Police as the supervisory officer responsible for the conduct of such officers, for his failure to take corrective against with respect to police personnel who had known propensities to abuse their authority, for his failure to assure proper training and supervision of the said police personnel, and/or for his failure to implement meaningful

1



procedures to discourage lawless official conduct, and against the City of Miami, as the employer of the police personnel which is sued as a person under 42 U.S.C. §1983.

## JURISDICTION

2. That this action is brought pursuant to 42 U.S.C. §§1983 and 1988, and 4th, 5th, 8th, and 14th Amendments to the Constitution of the United States.

3. That the jurisdiction of this Court is predicated on 22 U.S.C. §§1343(3)and (4), and 1331.

## PARTIES

4. That Plaintiff, LAURA LEE, is at all times material hereto a resident of the County of Dade, State of Florida, and a citizen of the United States, and is the duly appointed Personal Representative of the Estate of Malcolm Lee, deceased, who was at the time of the acts alleged herein a resident of the County of Dade, State of Florida, and a citizen of the United States, as shown by Letters of Administration duly issued to her by the Circuit Court, in and for Dade County, Florida, attached hereto as Plaintiff's Exhibit "1."

5. That Plaintiff brings this action on behalf of herself, and the following survivors of Malcolm Lee:

    1. Malcolm Lee, Jr., son.

    2. Michael Scott, son.

    3. Michael Tate, son.

    4. Ranard Ragin, son.

6. That at all times material hereto, Defendants, JUAN VELAZCO and GUILLERMO GONZALEZ, were police officers and were employed by the City of Miami, Florida, Police Department, to perform duties in the City of Miami and were each acting in

his capacity as an agent, servant, and/or employee of the Defendant, CITY OF MIAMI. Suit is brought against such Defendants individually and in their official capacities.

7. That at all times material hereto, Defendant, DONALD H. WARSHAW, was the Chief of Police of the City of Miami Police Department. As such, he was the commanding officer of Defendants VELAZCO and GONZALEZ, and was responsible for their training, supervision, and conduct. He was also responsible to enforce the regulations of the City of Miami Police Department and for ensuring that the City of Miami Police Department personnel obey the laws of the State of Florida, and of the United States. At all relevant times he was acting in such capacity as the agent, servant, and/or employee of the Defendant, CITY OF MIAMI. Said Defendant is sued individually and in his official capacity.

8. That at all times material hereto, the Defendant, CITY OF MIAMI, FLORIDA, has been a municipal corporation organized and existing under and pursuant to the laws of the State of Florida, and did at all times material hereto employee Defendants, VELAZCO, GONZALEZ, and WARSHAW.

9. That at all times material hereto, and in all their actions described herein, Defendants, VELAZCO, GONZALEZ, and WARSHAW, were acting within the course and scope of their employment as City of Miami police officers, were acting under color of law and were acting pursuant to their authority as police personnel, albeit in abuse of said authority.

## FACTUAL ALLEGATIONS

10. That on or about December 12, 1997, at approximately 7:30 p.m., the Decedent, MALCOLM LEE, was visiting the premises of TERRI RAGIN, located at 1615

3

NW 9th Terrace, Miami, Florida, Apt. 202. While he was there the Decedent evidently became involved in an altercation with neighbors, who then called the police.

11.     The police, who arrived at the premises, included officers VELAZCO and GONZALEZ. They found the Decedent inside Apt. 202 and were told that the Decedent had a woman in the apartment with him and would not let her out. The police officers were able to gain entry into the apartment, at which time female was able to safely exit the apartment, so that the only occupants of the apartment were several police officers, including the Defendants, VELAZCO and GONZALEZ, and the Decedent. The Decedent, who was then in an excited state, and possibly suffering from excited delirium or cocaine psychosis, apparently became involved in an altercation with the police officers as they attempted to calm him down and gain control of the scene. In the course of the altercation, the Decedent allegedly struck one police officer with the stick of a broom and then allegedly armed himself with a beer bottle. The Decedent was not seen at any time to have any other weapons.

12.     That upon information and belief, as the Decedent approached one police officer with a bottle in his hand, he was brought down by at least two (2) shots to the right thigh, which shots were sufficient to disable and incapacitate the Decedent. However, despite the fact that they had already been successful in disabling and incapacitating the Decedent, officers VELAZCO and/or GONZALEZ kept shooting, hitting the Decedent at least 4 more times and inflicting at 2 lethal wounds. The lethal wounds were inflicted either as the Decedent fell to the floor or after he had already fallen to the floor.

13. The actions described in the preceding paragraphs were committed by the Defendants, VELAZCO and GONZALEZ, in conjunction with other police officers in view of no one but the Decedent and the police officers involved.

14. That as a direct and proximate result thereof, MALCOLM LEE, was killed and the Plaintiff and the aforementioned survivors each lost support and services from the date of the Decedent's death to-wit: December 12, 1997, and continuing in the future, Plaintiff, LAURA LEE, as surviving spouse of MALCOLM LEE lost his companionship and protection, and incurred pain, suffering, and mental anguish, and the said sons of the Decedent lost parental companionship, instruction, and guidance, and incurred pain, suffering, and mental anguish.

15. That on information and belief, the shooting to which the Decedent was subjected was consistent with an institutionalized practice of the City of Miami Police Department, which was known to and ratified by Defendant, DONALD H. WARSHAW, and the City of Miami, the said Defendants, having at no time taken any effective action to prevent their police personnel from continuing to engage in such misconduct, nor to sanction the acts son committed by said police personnel.

16. That on information and belief, Defendants, DONALD H. WARSHAW, and the City of Miami, had prior notice of the propensities of Defendants, VELAZCO and/or GONZALEZ, to abuse their authority, but took no steps to correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train Defendants, VELAZCO and/or GONZALEZ, included the failure to instruct them in the proper and prudent use of force and/or to avoid the excessive use of force.

17. That on information and belief, Defendant, CITY OF MIAMI, and DONALD H. WARSHAW, authorized, tolerated, as institutional practices, and ratified the aforesaid misconduct by:

　　1. Failing to properly discipline, restrict, and control employees, including Defendants, VELAZCO and GONZALEZ, one or both of whom were known by CITY OF MIAMI and DONALD H. WARSHAW to be abusive in their dealings with citizens of the community;

　　2. Failing to take other precautions in retention of police personnel, including specifically Defendants, VELAZCO and/or GONZALEZ;

　　3. Failing to establish and/or assure the function of a bona fide and meaningful departmental system for dealing with complaints of police abuse, instead of responding to such complaints with bureaucratic power, official denials, and/or a failure to conclude internal (affairs) investigations, including the investigation into the death of the Defendant.

18. That as a direct and proximate result and consequence of the abuse of authority hereinabove alleged, Plaintiff, and the named beneficiaries, sustained the damages hereinbefore alleged.

## FEDERAL CAUSES OF ACTION

19. That the hereinabove described actions and omissions engaged in under color of governmental authority by the Defendants, including Defendant, CITY OF MIAMI, sued as a person responsible because of its authorization, firma, and/or ratification thereof and for the acts of its agents, deprived the Decedent rights secured to him by the

6

Constitution of the United States, including but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment.

## PENDENT CAUSES OF ACTION

20. That on or about May 19, 1998, Plaintiff presented her claim in writing to the City of Miami, as shown by Plaintiff's Composite Exhibit "2," same being a letter dated May 19, 1998, to Mayor Joe Carollo, City of Miami, and the return receipt thereto. Further, that the City of Miami has failed to make final disposition of the claim within six (6) months after it was filed, so that the claim is deemed to have been denied for purposes of §768.28, Fla. Stat.

21. That the aforedescribed act of officers of VELAZCO and/or GONZALEZ constitute the actual and intentional striking of the Decedent against his will, and thus constituted a battery and a wrongful death.

22. That Defendant, DONALD H. WARSHAW, Chief of Police, is legally responsible in his official capacity for the actions of Defendants, VELAZCO and GONZALEZ, which were committed within the course and scope of their employment under the doctrine of *respondeat superior*.

23. That in the event the Court finds that the actions of Defendants, VELAZCO and/or GONZALEZ, were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard for human rights, safety, or property, the Defendant, CITY OF MIAMI, shall not be held liable therefore, however, in the event the Court finds

7

that the actions were not so committed, the Defendant, CITY OF MIAMI, shall be liable for their actions pursuant to §768.28(9)(a), Fla. Stat.

24. That this Court has pendent jurisdiction to herein adjudicate the claims of Plaintiff against the Defendants brought under state, and statutory law.

25. That Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated and bound to pay said attorneys a reasonable fee.

WHEREFORE, Plaintiff, LAURA LEE, as Personal Representative of the Estate of MALCOLM LEE, on behalf of herself and Malcolm Lee, Jr., Michael Scott, Michael Tate, and Ranard Ragin, demands judgment for damages in an amount in excess of $100,000.00, together with punitive damages, attorneys' fees pursuant to 42 U.S.C. §1998, the costs of this action, and such other and further relief as this Court may deem appropriate under the circumstances, and demands trial by jury as to all issues so triable.

HARTMAN & GOLDBERG
Attorneys for Plaintiffs
10000 Stirling Road
Suite 1
Cooper City, FL  33024
Telephone:  (954) 438-1000
Facsimile:   (954) 438-3000

BY: _____
    BRADLEY S. HARTMAN, ESQ.
    FBN: 276219

f:\library\clients\1312\main-pld\cmplt

STATE OF FLORIDA
COUNTY OF DADE
I, THE UNDERSIGNED, Deputy Clerk, Circuit Court, Dade County, Florida, DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office of the Circuit Court, Dade County, Florida and that same is in full force and effect.
WITNESS my hand and Seal of the Circuit Court at Miami, Florida, this _____ day of _____
A.D. 19____ JUN 2 4 1998
Clerk Circuit Court
By _____ Deputy Clerk Circuit Court

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

PROBATE DIVISION

File No.:
Division: 98-2742 CP 01

IN RE: ESTATE OF:
CHERYL TOUSSAINT
MALCOLM LEE

Deceased.

## LETTERS OF ADMINISTRATION
(single personal representative)

**TO ALL WHOM IT MAY CONCERN:**

**WHEREAS,** MALCOLM LEE, a resident of Miami, Dade County, Florida, died on December 12, 1997, owning assets in the State of Florida, and

**WHEREAS,** LAURA LEE has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

**NOW, THEREFORE,** I, the undersigned Circuit Judge, declare LAURA LEE to be duly qualified under the laws of the State of Florida to act as personal representative of the estate of MALCOLM, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

**WITNESS** my hand and seal of this Court this 23 day of June, 1998.

_____
Circuit Judge
SIDNEY B.

THESE LETTERS DO NOT AUTHORIZE ENTRY INTO ANY SAFE DEPOSIT BOX WITHOUT FURTHER ORDER OF COURT

THIS ESTATE MUST BE CLOSED WITHIN 12 MONTHS IF NOT CONTESTED.

INVENTORY SHALL BE FILED WITHIN 60 DAYS

**PLAINTIFF'S EXHIBIT #**

# HARTMAN & GOLDBERG

attorneys and counselors at law | a partnership of professional associations



Bradley S. Hartman ▪ Mark H. Goldberg

CERTIFIED MAIL/RETURN RECEIPT
REQUESTED: P 399 313 403

May 19, 1998

Mayor Joseph Carollo
City of Miami
3500 Pan American Drive
Miami, FL  33133

Re: Estate of Malcolm Lee, v. City of Miami, et al.
    Our Clients:  Laura Lee, Malcolm Lee, Jr., a minor, Michael Scott, a minor, Michael Tate, a minor, and Ranard Ragin, a minor
    Date of Loss: 12/12/97

Dear Mayor Carollo:

Please be advised that the undersigned law firm has been retained to represent Laura Lee, Malcolm Lee, Jr., Michael Scott, Michael Tate, and Ranard Ragin in connection with their action for personal injury and other damages arising out of an incident or accident which occurred on the above date.

Pursuant to §768.28(6), Fla.Stat., please accept this as written presentation of our above named clients' claim, against the above-named agency.

This claim arises out of a police shooting perpetrated by officers including Guillermo Gonzalez, Badge No. 2427, and Juan Velasco, Badge No. 7317, resulting in the death of Malcolm Lee.

Of course, this letter is submitted without prejudice to the claimants' right to assert other bases of liability should it be necessary to institute litigation in this matter.

Very truly yours,

HARTMAN & GOLDBERG

**FOR YOUR INFORMATION**

BY:_____
    BRADLEY S. HARTMAN, ESQ.

BSH/esh
cc: client(s)

COMPOSITE
PLAINTIFF'S EXHIBIT # 2
page 1 of 2

10000 Stirling Road, Suite 1, Cooper City, FL 33024-8038 ☎ Tel: (954) 438-1000 ☎ Fax: (954) 438-3000

P 399 313 403

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Mayor Joseph Carollo
City of Miami
3500 Pan American Drive
Miami, FL  33133

4a. Article Number
P 399 313 403

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
MAY 2 1 1999

5. Received By: (Print Name)
A. Dopret

6. Signature: (Addressee or Agent)
X

PS Form **3811**, December 1994          Domestic Return Receipt

COMPOSITE
**PLAINTIFF'S EXHIBIT # 2**
page 2 of 2

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 99-2071

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEE, LAURA

## DEFENDANTS
CITY OF MIAMI, FLORIDA
WARSHAW, DONALD H.
VELAZCO, JUAN
GONZALEZ, GUILLERMO

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-SOUTH-99-8071-SH/GARBER

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Bradley S. Hartman, Esq.
10000 Stirling Rd., #1, Cooper City, FL 33024

ATTORNEYS (IF KNOWN):
MAGISTRATE JUDGE
GARBER

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY

This is an action for the damages arising from the death of Malcolm Lee as a result of the acts of members of the City of Miami Police Dept. The action is brought pursuant to 42 USC §§ 1983 and 1988.

LENGTH OF TRIAL: five (5) days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00 (greater than $100,000.00)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7/21/99
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 516835  AMOUNT 150.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

7/26/99